UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Michael Washington,   ) C/A No. 2:10-997-HFF-RSC
                      )
           Plaintiff, )
                      ) REPORT AND RECOMMENDATION
vs.                   )
                      )
Roger Tilton,         )
                      )
           Defendant. )
                      )

The Plaintiff, Michael Washington ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pretrial detainee at the Florence County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names an investigator with the Lake City Police Department as the sole defendant.[2] Plaintiff, who seeks monetary damages, alleges false arrest, false imprisonment, slander and defamation of character. The complaint should be dismissed for failure to state a claim on which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

## Pro Se Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B).

A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir.

2

1995). Further, the Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the Plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement

of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff states that he turned himself into the Lake City Police Department, for questioning by Defendant Tilton, on June 30, 2009. Upon completion of the interview, Plaintiff was detained "for an old parole Warrant." (Complaint, page 3).

On July 17, 2009, Defendant Tilton served a warrant on Plaintiff for the offense of Criminal Sexual Conduct, 2nd Degree. Plaintiff alleges that Defendant Tilton "falsified police reports" and made "untrue allegations" against Plaintiff. (Complaint, page 3). Thus, Plaintiff claims that he has been subjected to false arrest and false imprisonment/illegal detention. (Complaint, pages 2, 3). Plaintiff further claims that Defendant Tilton's statements constitute slander and defamation of character. (Complaint, page 3). Plaintiff seeks two hundred and fifty thousand ($250,000) dollars in monetary damages. (Complaint, page 5).

## Discussion

As an initial matter, to the extent that Plaintiff may be bringing this action in an attempt to halt, dismiss, or void the state criminal charges pending against him, this Court should abstain from interfering with the pending State charges. Although,

"[t]he Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress[,]'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007), in some circumstances abstention is appropriate. Because the Supreme Court seeks to ensure that abstention is the exception and not the rule, it has instructed the lower courts when abstention is permissible. *Id.* "*Younger v. Harris*, 401 U.S. 37 (1971), permits federal courts to abstain from hearing cases that would interfere with a pending state criminal proceeding." *Id.* at 364. In this case, Plaintiff alleges that there is at least one criminal charge pending against him in state court. Plaintiff requests that this Court find that he is, in fact, falsely imprisoned. However, such a finding by this Court would certainly interfere with the State's pending criminal proceedings. Accordingly, it is appropriate for the Court to abstain from intervening in Plaintiff's state criminal prosecution.

Next, Plaintiff claims that he was subjected to false arrest by Defendant Tilton. However, to state a cognizable § 1983 claim for false arrest, a plaintiff must claim an arrest was made without an arrest warrant. *See Dorn v. The Town of Prosperity, et al.*, No. 08-2005, 2010 WL 997175 (4th Cir. March 18, 2010); *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998)("a claim for false arrest may be considered only when no arrest warrant has been obtained"). The instant complaint indicates that Defendant Tilton served

5

Plaintiff with an arrest warrant on July 17, 2009, prior to Plaintiff's detention for the offense of Criminal Sexual Conduct (CSC), 2nd Degree. As Plaintiff was detained on the CSC charge pursuant to a warrant, his claim for false arrest is subject to summary dismissal.

Plaintiff further claims that Defendant Tilton falsified police reports and made untrue allegations against the Plaintiff. "'As a general rule, an unlawful arrest made pursuant to a warrant will be more closely analogous to the common law tort of malicious prosecution.'" *Dorn v. The Town of Prosperity, et al.*, 2010 WL 997175 at *2 (citation omitted). Thus, Plaintiff's § 1983 claim for damages due to false imprisonment/illegal detention is akin to a malicious prosecution claim. *See Heck v. Humphrey*, 512 U.S. 477, 484(1994)("The common-law cause of action for malicious prosecution provides the closest analogy to claims of the type considered here because, unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to legal process"); *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 182 (4th Cir. 1996) ("[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause ... are analogous to the common-law tort of malicious prosecution"); *Meadows v. Feldman*, No. 7:03-CV-00101-SGW, 2003 WL 24180193, at *3 (W.D.Va. Dec.16, 2003) (unpublished) ("To the extent that Meadows alleges . . . [an

arrest] pursuant to a warrant not supported by probable cause, the court treats Meadows' false arrest claim as a malicious prosecution claim founded on a Fourth Amendment seizure").

If the Fourth Amendment to the United States Constitution encompasses a malicious prosecution claim, then it may be cognizable under § 1983. *See Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007). However, one element of a malicious prosecution claim is that the criminal proceedings have terminated in the plaintiff's favor. *Id.* at 392 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996). Plaintiff has not alleged that the state criminal charges against him have been resolved in his favor. As Plaintiff fails to establish a requisite element of a malicious prosecution claim, he fails to state a cognizable Fourth Amendment claim for malicious prosecution.[3]

---

[3] The United States Supreme Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In the case *sub judice*, this Court recognizes that, because Plaintiff has not yet been <u>convicted</u> and the criminal charges are pending, the *Heck* rule may not squarely apply to Plaintiff's malicious prosecution claim. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007); *Bristol v. Kirkland Corr. Inst.*, C/A No. 8:09-43-TLW-BHH, 2009 WL 2182172 (D.S.C. July 21, 2009) (noting that *Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases). However, some courts have held that *Wallace v. Kato*, 549 U.S. 384 (2007), is limited to false arrest claims and that the general *Heck* rule was left undisturbed. *See Jonanovic v. City of*

Additionally, Plaintiff fails to state a claim on which relief may be granted as to his defamation and slander claims, because an alleged act of defamation of character[4] or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697-710 & nn. 3-4 (1976). Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. **The plaintiff's attention is directed to the important notice on the next page.**

May 7, 2010
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

---

*New York*, No. 04 CV 8437(PAC), 2008 WL 355515 at *3 (S.D.N.Y. Feb. 7, 2008). Thus, it is possible that Plaintiff also fails to state a cognizable § 1983 claim for false imprisonment due to the *Heck* rule.

[4] Slander usually refers to acts of defamation that are made "by oral expressions or transitory gestures," while libel refers to acts of defamation that are expressed "by print, writing, pictures, or signs." *See Black's Law Dictionary* (5th edition, 1979), at pages 824 and 1244.

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).