RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 MAY 20 A 7: 55



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MICHAEL WASHINGTON,<br>Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 2:10-997-HFF-RSC |
| | § | |
| ROGER TILTON,<br>Defendant. | §<br>§<br>§ | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 7, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on May 18, 2010.

Plaintiff, a pre-trial detainee, filed this action against his arresting officer, alleging claims of false arrest, false imprisonment, slander, and defamation of character. In the Report, the Magistrate Judge noted that in light of Plaintiff's pending state criminal proceedings, the Court should abstain from deciding this case so as not to interfere with those proceedings. The Magistrate Judge went on to note that to the extent Plaintiff states a claim for false arrest, that claim should fail because Plaintiff was served with an arrest warrant. The Magistrate Judge construed Plaintiff's allegations of misconduct against Defendant as a claim for malicious prosecution and noted that the claim failed because such a claim requires proof of the termination of the criminal proceedings in Plaintiff's favor. Finally, the Magistrate Judge rejected Plaintiff's defamation claim because such state law tort claims are not cognizable under § 1983.

Before addressing Plaintiff's objections, it is important to recognize that Plaintiff's Complaint essentially challenges the validity of his state detention. A ruling in Plaintiff's favor will call into question the validity of his arrest and would significantly interfere with Plaintiff's ongoing state criminal proceedings. Thus, the Court agrees with the Magistrate Judge that abstention is appropriate. *See Younger v. Harris*, 401 U.S. 37, 43-45 (setting forth doctrine of abstention from ongoing state criminal proceedings); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1990) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted). Plaintiff fails to respond to the Magistrate Judge's conclusion that the Court

should abstain from deciding his case, and, thus, the Court adopts that portion of the Report without objection.*

Though the abstention doctrine alone would be a sufficient basis for dismissal of Plaintiff's Complaint, alternatively, because the Magistrate Judge went on to address the merits of Plaintiff's claims, the Court will consider Plaintiff's specific objections to those portions of the Report.

Plaintiff makes two objections to the Report. First, he challenges the Magistrate Judge's conclusion that his false arrest claim should fail. He states that he was arrested on June 30, 2009, and, at that time, he signed a white piece of paper, but it was not an arrest warrant. (Pl.'s Objections 1.) Nonetheless, in his Complaint, he admitted that he was held on June 30, 2009, on the basis of an old parole warrant. Moreover, he also admitted in his Complaint that an arrest warrant was served on him on July 17, 2009. (Pl.'s Compl. 3.) Thus, based on Plaintiff's own admissions, this objection fails to undermine the Magistrate Judge's conclusion that the false arrest claim lacks merit because Plaintiff was served with an arrest warrant.

Plaintiff's second objection relates to his defamation claim. He insists that his reputation within his community has suffered as a result of his imprisonment. Construed liberally, Plaintiff alleges that Defendant signed false warrants to keep him in jail. He claims that Defendant has a personal vendetta against him and that it is this vendetta that is keeping him in prison. As noted in the Report, defamation claims asserting injury to one's reputation are generally not cognizable under § 1983. *See, e.g., Paul v. Davis*, 424 U.S. 693, 712 (1976) ("[W]e hold that the interest in reputation

---

*Abstention in this case is also consistent with the principle of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

3

asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law."); *Hodge v. Jones*, 31 F.3d 157, 165 (4th Cir. 1994) ("Our reading of [plaintiff's] complaint reveals no more than a conclusory allegation of reputational injury which, absent a cognizable stigma and the ensuing loss of a tangible interest, fails to state a cause of action under § 1983."). Plaintiff's conclusory allegations of defamation and harm to his reputation, without more, fail to state a claim under § 1983. Thus, this objection is without merit.

As an additional basis for dismissing Plaintiff's Complaint, the Court notes that Plaintiff's claim would be more properly brought as a petition for habeas corpus. *See Heck*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.").

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the Complaint is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 19th day of May, 2010, in Spartanburg, South Carolina.

<div style="text-align: right;">
s/ Henry F. Floyd<br>
HENRY F. FLOYD<br>
UNITED STATES DISTRICT JUDGE
</div>

(see notice on following page)

asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law."); *Hodge v. Jones*, 31 F.3d 157, 165 (4th Cir. 1994) ("Our reading of [plaintiff's] complaint reveals no more than a conclusory allegation of reputational injury which, absent a cognizable stigma and the ensuing loss of a tangible interest, fails to state a cause of action under § 1983."). Plaintiff's conclusory allegations of defamation and harm to his reputation, without more, fail to state a claim under § 1983. Thus, this objection is without merit.

As an additional basis for dismissing Plaintiff's Complaint, the Court notes that Plaintiff's claim would be more properly brought as a petition for habeas corpus. *See Heck*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.").

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the Complaint is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 19th day of May, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

(see notice on following page)

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.